IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Damian Inman, | Case No.: 5:19-cv-01880-SAL |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| Aaron Dewitt and Raymond Gathers | |
| Defendants. | |

### I.  Introduction

Plaintiff Damian Inman, proceeding *pro se* and *in forma pauperis*, filed this civil rights action on July 2, 2020. He asserts constitutional claims against Defendants Aaron Dewitt and Raymond Gathers pursuant to 42 U.S.C. § 1983 in connection with a March 18, 2019 incident in Plaintiff's cell at the Kirkland Correctional Institution.

This matter is before the court for review of the June 25, 2020 Report and Recommendation ("Report") of United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) (D.S.C.). In the Report, the Magistrate Judge recommends granting Defendants' Motion for Summary Judgment, ECF No. 32, because (1) Plaintiff failed to exhaust his administrative remedies prior to filing suit; (2) Plaintiff's claims fail on the merits at the summary judgment stage; and (3) even if a constitutional violation occurred, the Eleventh Amendment and qualified immunity bar Plaintiff's suit. The Report sets forth the factual background of this case and the evidence relevant to Defendant's motion, and the same is incorporated herein.

1

Plaintiff filed his objections to the Report on August 7, 2020. ECF No. 67. The objections take issue with a discovery matter, but otherwise repeat verbatim the arguments asserted in response to Defendants' motion for summary judgment. *See* ECF No. 67. Defendants did not file objections to the Report or reply to Plaintiff's objections, and the time to do so has passed.

## II.     Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270¬–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the Court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

## III.    Discussion

### A.     Plaintiff's Discovery Objection

Because Plaintiff failed to comply with the Local Rules of this Court pertaining to discovery, his objection regarding discovery is overruled. The discovery deadline in this case expired on October 4, 2019, ECF No. 19; however, Plaintiff's discovery requests are dated September 23, 2019. ECF No. 67-3 at 1-4. Discovery requests are timely only "if served in time for the response to be served by the discovery deadline set by the scheduling order." Local Civ. Rule 16.02(D)(1) (D.S.C.). Because the responses Plaintiff's requests were not due until after

October 4, 2019, *see* Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A), the requests were not timely under the Local Rules. Plaintiff's objection directed at discovery in this case is accordingly overruled.

### B. Reiterating Prior Arguments

Plaintiff's reliance on his brief in opposition to summary judgment does not constitute a specific written objection as required by Rule 72 of the Federal Rules of Civil Procedure. Reviewing the Report for clear error, it is adopted in its entirety.

Reiterating the same arguments presented to a magistrate judge does not constitute a specific objection warranting de novo review. *Durkee v. C.H. Robinson Worldwide, Inc.*, 765 F. Supp. 2d 742, 747 (W.D.N.C. 2011), *aff'd sub nom. Durkee v. Geologic Sols., Inc.*, 502 F. App'x 326 (4th Cir. 2013). A litigant cannot obtain de novo review by "merely reformatting an earlier brief as an objection." *Veney v. Astrue*, 539 F. Supp. 2d 841, 846 (W.D. Va. 2008).

Here, Plaintiff's objections include, as an attachment, his brief in opposition to Defendants' motion. *See* ECF No. 67-1 (titled "Response to Motion to Dismiss"); ECF No. 47. The Court declines to engage in de novo review of the arguments raised in this filing. Reviewing the Magistrate Judge's Report for clear error and finding none, the Report is adopted in whole.

### IV. Conclusion

After a thorough review of the record, the Report, the parties' objections and replies, and the applicable law, the Court overrules Plaintiff's objections and adopts the Report in its entirety. Accordingly, Defendants' Motion for Summary Judgment, ECF No. 32, is GRANTED and this action is DISMISSED with prejudice.

IT IS SO ORDERED.

/s/Sherri A. Lydon
Sherri A. Lydon
United States District Judge

August 24, 2020

Florence, South Carolina

4